**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>William J. Carey</u>

   v.                                          Civil No. 05-cv-442-PB

<u>Hillsborough County Department of
Corrections, Medical Department et al.</u>

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff William J. Carey has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants have abridged his rights under the Eighth and Fourteenth Amendments to the United States Constitution by denying him adequate medical and dental care and failing to protect him from attack by a cell-mate (document no. 1). Named as defendants are the Hillsborough County Department of Corrections ("HCDOC"), the HCDOC Medical Department[1], HCDOC Superintendent James O'Mara[2] and Correctional Medical Services ("CMS").

The complaint is before me for preliminary review to

---

[1] Because the body of the complaint alleges that HCDOC/CMS denied Carey adequate medical care, I construe the claims to be brought against CMS and the HCDOC Medical Department.

[2] Construed liberally, the complaint names O'Mara as a defendant in his representative capacity.

determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I recommend that the complaint be dismissed.

### Standard of Review

In reviewing a *pro se* complaint, this court must construe the pleading liberally and in favor of the *pro se* litigant. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988). I apply this standard in reviewing Carey's complaint.

## Factual Background

Crediting the factual allegations in the complaint in the light most favorable to Carey, the material facts are as follows. Carey, a pretrial detainee at the HCDOC, alleges that during the course of his incarceration prison officials subjected him to constitutional deprivations in violation of his Eighth and Fourteenth Amendment rights.  Defendants allegedly denied him adequate medical and dental care and failed to protect him from attack by his cell-mate.  He now brings this action pursuant to Section 1983, alleging that defendants' acts and omissions rise to the level of constitutional deprivations.

## Prior Litigation

The claims in this action are identical to certain claims alleged in <u>Carey v. Hillsborough County Department of Corrections, et al.</u>, 05-cv-274-PB.  In that case, I concluded that Carey stated Eighth Amendment claims for denial of adequate dental care against an unnamed HCDOC dentist and failure to protect against the HCDOC and HCDOC Superintendent, James O'Mara. I recommended dismissal of various claims, including the Eighth Amendment denial of adequate medical care claim against an HCDOC physician, Dr. Ward.  My Report and Recommendation was approved

on December 27, 2005 (attached).

I.   Doctrine of *Res Judicata*

For the reasons stated below, I conclude that Carey's Eighth and Fourteenth Amendment claims for denial of adequate medical care are barred under the doctrine of *res judicata*.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." Breneman v. United States ex rel. FAA, 381 F.3d 33, 38 (1st Cir. 2004)(citation omitted).  For the doctrine to apply, three elements must be met:: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Brenemman, 381 F.3d at 38 (quoting Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003)).  "In general, causes of action are identical for *res judicata* purposes when they arise from the same factual transaction." Baldi v. Broderick, No. 04-cv-466-PB, 2005 WL 2338816, at *5 (D.N.H. Sept. 21, 2005).   "[F]ederal law governs the *res judicata* effect of a federal court judgment."

4

Id. (citing Apparel Art Int'l v. Amertex Enters., 48 F.3d 576, 583 n.7 (1st Cir. 1995)).

The three elements of *res judicata* are met as to Carey's denial of adequate medical care claim. First, a final judgment on the merits was issued by this court in an earlier action (Civil No. 05-cv-274-PB) where the court dismissed, among other claims, Carey's denial of adequate medical care claim under the Eighth and Fourteenth Amendments. Second, there is sufficient identity between the causes of action in the earlier action and this action as both seek relief under Section 1983 and the Eighth and Fourteenth Amendments. In each action, Carey alleged that defendants failed to provide adequate medical care for injuries to his neck and right knee and ankle. Third, there is sufficient identity between the parties in the two actions. Both actions bring medical care claims against the HCDOC and HCDOC Medical Department. While CMS is named as a new defendant in this action, it appears to hold similar interests to the HCDOC Medical Department. Thus, the fact that CMS is the only new defendant in this action does not nullify the sufficiency of identity between the parties of the two actions. See Perez-Guzman v. Gracia, 346 F.3d 229, 233-38 (1st Cir. 2003)(applying *res judicata* to claims

against new parties where new parties held the same interests as the original parties); <u>Santiago Otero v. Quirindongo Echevarria</u>, No. Civ. 05-1443 (DRD), 2005 WL 2671048, at *2 (D.P.R. Oct. 19, 2005)(applying the doctrine of *res judicata* and holding that addition of one defendant in later suit did not annihilate the sufficiency of identity between the parties in the two actions). Accordingly, I conclude that Carey's instant denial of adequate medical care claim is barred by the doctrine of *res judicata*.

II.  <u>Duplicative Claims</u>

For the reasons stated below, I recommend that Carey's remaining claims be dismissed as duplicative.

"A federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" <u>Serlin v. Arthur Andersen & Co.</u>, 3 F.3d 221, 223 (7th Cir. 1993)(quoting <u>Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.</u>, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)); <u>accord</u> <u>Adeogba v. Migliaccio</u>, 266 F. Supp. 2d 142, (D.D.C. 2003). District courts are accorded "a great deal of latitude and discretion" in determining whether one action is duplicative of another, but generally an action is duplicative if the "claims,

parties, and available relief do not significantly differ between the two actions." Id. (quoting Ridge Gold, 572 F. Supp. at 1213); accord James v. AT & T Corp., 334 F. Supp. 2d 410, 411 (S.D.N.Y. 2004).

Here, the Eighth and Fourteenth Amendment claims based on denial of adequate dental care and failure to protect are duplicative of the claims raised in Carey's parallel action pending before this court (Civil No. 05-cv-274-PB). In that action, Carey sued the HCDOC and an unnamed HCDOC dentist for failing to provide adequate dental care regarding injuries to his teeth and jaw. He further sued the HCDOC and HCDOC Superintendent for failing to protect him from an assault by his cell-mate. After conducting a preliminary review of the complaint, I concluded that Carey stated, among other things, a cognizable Eight Amendment denial of dental care claim against the unnamed HCDOC dentist. I further found that he alleged Eighth Amendment failure to protect claims against the HCDOC and HCDOC Superintendent. Those claims currently are pending before this court. In addition, the parties in both actions do not significantly differ. Although the caption of the complaint names CMS as a new and sole defendant, construed liberally the

allegations in the body of the complaint are asserted against CMS, HCDOC, HCDOC Superintendent and HCDOC Medical Department. While CMS and the HCDOC Medical Department are not identical parties, they nevertheless appear to represent similar interests. See Curtis v. DiMaio, 46 F. Supp. 2d 206, 215-16 (E.D.N.Y. 1999)(dismissing suit as duplicative, but only after finding that although parties were not identical, their interest were sufficiently aligned).  Because the claims, parties, and available relief do not significantly differ between Carey's earlier action and this action, I conclude that the instant claims are duplicative.  Accordingly, I recommend that Carey's Eight Amendment claims based on denial of adequate dental care and failure to protect be dismissed.

## Conclusion

For the reasons stated above, I recommend that the complaint be dismissed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days

of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date: March 6, 2006
cc:   William J. Carey, *pro se*

```
                         ATTACHMENT 1

             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

William Carey

       v.                                  Civil No. 05-cv-274-PB

Hillsborough Department of Corrections, et al

O R D E R

I herewith approve the Report and Recommendation of Magistrate Judge Muirhead dated November 22, 2005, no objection having been filed.

SO ORDERED.

December 27, 2005                    /s/ Paul Barbadoro
                                                  Paul Barbadoro
                                                  United States District Judge

cc: William Carey, pro se